Judge Mills
delivered the Opinion of the Court.
On the 19th day of January, 1819, Woods, the appellee, executed his bond to the appellant, binding himself in a condition to conve,y to the appellant a tract of land, by the first day of the ensuing May. In the month of September following, the appellant commenced his action at law upon tho bond, and in the following year recovered judgment, relying on the breach that the appellee had not conveyed the land.
Chancery suit and deoree of the circuit court.
Allegations of the bill.
ed oil a bond, for"the°convejanoc of land, «vbere Equity may, in a proper case, relieve against a judgment at Jaw, rocovertias becufoconsionedbnf only. / 2 apse of time'
The chancel will reHeve in do such case, where the judgment has been fairly obtained at law, by the mere negligence of the party, and afterwards the chancel, lor is first appealed to.
*48 The appellee then filed this bill with an injunction, tendering a conveyance of the. land, and praying that the contract may be specifically executed. The court below sustained the bill, and decreed the specific performance of the contract. From which decree this appeal is prayed.
The appellee insists, in bis bill, that iiis title, is good and was complete when he sold, — that the appellant has bad possession ever since the contract undisturbed, — and that the appellant lulled him into a breach of his contract, by postponing the making of the title, alleging it not to be necessary then, but that it might be done at any time, and that, no inconvenience had resulted to the appellant for the want of a conveyance.
The appellant admits the possession of the landj his willingness to have received a title at the date it was to iiave been made, and for some time after-wards, and that no title being made, he ultimately brought his action at law. But he denies any offer of a conveyance, or any lulling of the appellee or deceiving him, or in any way being instrumental in the postponement of a conveyance. He also insists, that the title is doubtful, and the land not included in the patent which was agreed to be conveyed.
There is no proof in the cause that the appellee ever offered a conveyance, or that the appellant in any manner postponed the time or was guilty of deluding the defendant.
The first question which presents itself is, will the chancellor relieve against a forfeiture of the bond at law, after judgment, when that forfeiture was negligent and voluntary on the part of the complainant, barely because there is no special damage, but a lapse of time only. Cases of relief against judgments at law under any such circutnstances are rare. Still, however, the power of tho interfere, for proper reasons, and re-chancellor to interfere, for proper reasons against such judgment cannot be questioned.
But we venture to assert as a principle, that, in no case, where the advantage at law has been fairly °bfa*I,pd* and the chancellor has not before had possession of the cause, ought relief to be given. *49 The legal right of action is as strong as an equitable one can be. The holder of the broken covenant has his election, often, to sue at law or in equity. If he chooses the former course, and fairly obtains his judgment, we do not admit the power of the chancellor to take it from him, barely because he did not go into equity. Such a power would bring into the hands of the chancellor, the exclusive jurisdiction of such contracts. The appeal to law, and the right to sue and recover, then would be a shadow only; for the. judgment tumid be perpetually silenced by a decree of the chancellor, and a court of law would barely introduce the subject, for the chancellor to act upon. This certainly ought not to be the case, and .some peculiar circumstances ought to exist to authorize the chancellor’s interposition.
That covenantee, in such case, retained possession after judgment, leased the land for a term of y ears, and offered to sell it, does not vary the case.
Covenantee, notwithstanding his judgment at law, which dissolves the contract, has his lion , on the land, & may keep possession till judgment is ' .satisfied.
It is insisted in this case, that there is nothing but the lapse of a few months against which the chancellor is to relieve, if that was a!!, equity might not attach so much weight to time merely. But there is more — a vested right at law ascertained by judgment, which was obtained without fraud, ia pursuance of the express stipulations of a written contract.
The subsequent conduct of the complainant has been relied on by the court below'. It is in proof that lie offered to sell the land, stating that the appellee would make the title, since judgment, and has' leased it for a term of years and since mortgaged it. We might well suppose, as the appellee was struggling in a chancery suit, to compel him to take the title, that he would certainly make one, and that he had better sell, and.reach his money that way, and thus end the suit; and this accounts for hi.s proposals to sell.
As to renting or leasing the land, it is true that, by obtaining his judgment, he dissolved the contract, and was bound to restore. But it is equally true that he is entitled to a lien upon the land for his money paid, and cannot be, compelled to part with that lien till payment, he accounting for the profits; hence his right to lease the land is unquestionable, notwithstanding the contract is virtually set aside.
To let in proof (hat covenantee had mortgaged the premises, the fact must be aver-cc. in pleading, and then the deed, not parol proof, must be produced.
Rents above the value of the lusting improve ments must be accounted for in such case.
General prayer for relief sufficient to embrace rents.
fHchbffe tor appellant,* Crittenden for appellee.
As to the mortgage, there is no competent evidence of its existence. One witness proves the fact, but no mortgage is filed; nor is the fact stated in the. pleadings to apprize the appellant to meet it. We therefore conceive that these circumstances-cannot aid tire jurisdiction of the -chancellor; but the appellant is entitled to his judgment at law.
As the complainant- below prays general relief, wo conceive he is entitled, under the statements of his bill, to the reasonable rents and profits of the premises, during the time the. appellant has held them, subject to a deduction for impiovements lasting and valuable. This account ought to be taken and continued so tong as the appellant holds his lien on the land by possession, until a sale thereof is made, on proper proceedings instituted for that purpose.
In this account, if the improvements should exceed the rents, no decree can be rendered in favor of tiie defendant below for the balance, as he has asked for no such decree. After the excess of rents is ascertained, credit must be given therefor on the judgment at law. and the injunction dissolved for the residue with damages. If there be no excess of rents beyond the lasting and valuable, improvements, then the injunction must be dissolved, and the- bill dismissed with costs and damages.
The decree must be reversed with costs, and the cause he remanded for new proceedings, accordant with this opinion.